An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-253

Filed 5 August 2026

Mecklenburg County, No. 22CVS014116-590

ANDERS J. WATSON and ALLISON E.
NOLD, Plaintiffs,

v.

MARY SHAHEEN; JOHN SHAHEEN,
individually and as agent for Mary Shaheen;
TRADD COMMERCIAL OF CHARLOTTE, LLC;
JENNIFER THOMPSON; and
ALLEN TATE REAL ESTATE, LLC
d/b/a ALLEN TATE BALLANTYNE, Defendants.


Appeal by Plaintiff from orders entered 17 July 2024 and 9 September 2024 by

Judges Donald R. Cureton, Jr. and Jacqueline D. Grant, respectively, in Mecklenburg

County Superior Court. Heard in the Court of Appeals 16 October 2025.


> *Poyner Spruill LLP, by Caroline P. Mackie and Rohun S. Shah, for Defendants-Appellees Jennifer Thompson and Allen Tate Real Estate, LLC.*
>
> *Parker Poe Adams & Bernstein LLP, by Cassie R. Zietlow, Morgan H. Rogers, and Jessica R. Dixon, for Defendants-Appellees John Shaheen and Tradd Commercial of Charlotte, LLC.*
>
> *Law Office of Paul H. Bass, PLLC, by Angelo W. Zingaretti and Paul H. Bass, for Defendant-Appellee Mary Shaheen.*
>
> *Anders J. Watson, pro se Plaintiff-Appellant.*

CARPENTER, Judge.

Anders J. Watson ("Plaintiff") appeals from two orders by the trial court that retained jurisdiction over his unperfected appeal: (1) the 17 July 2024 order granting a motion to dismiss Plaintiff's appeal; and (2) the 9 September 2024 order denying Plaintiff's motion for sanctions against Mary Shaheen, John Shaheen, Tradd Commercial of Charlotte, Jennifer Thompson, and Allen Tate Real Estate (collectively, "Defendants"). On appeal, Plaintiff argues the trial court erred by granting Defendants' motion to dismiss his appeal and by denying his motion for sanctions. After careful review, we dismiss.

## I. Factual & Procedural Background

This appeal arises from a dispute involving disclosure of mold issues after Plaintiff bought property from Defendant Mary Shaheen in July 2019. Defendants John Shaheen and Jennifer Thompson worked for Defendants Tradd Commercial and Allen Tate, respectively, as the real estate agents involved in the transaction.

On 30 August 2022, Plaintiff, who is a licensed attorney in another jurisdiction, filed a complaint alleging that Defendants fraudulently failed to disclose certain defects, some of which may have caused the mold, in the home he purchased from Defendant Mary Shaheen. For similar reasons, Plaintiff also added claims of negligent misrepresentation and consumer fraud against Defendants John Shaheen and Jennifer Thompson.

In May 2023, Defendants, except Mary Shaheen, filed motions to dismiss Plaintiff's complaint for lack of personal jurisdiction, insufficiency of process and service of process, and failure to state a claim. Plaintiff filed an amended complaint and voluntarily dismissed his claims without prejudice against Defendant Tradd Commercial. Defendants, including Mary Shaheen, later moved to dismiss the amended complaint for the same reasons.

On 26 July 2023, Judge Osman entered an order ("Order I") granting the motions to dismiss filed by Defendants John Shaheen, Tradd Commercial, Jennifer Thompson, and Allen Tate Real Estate. The trial court concluded that Plaintiff failed to properly effectuate service of process, the relevant statutes of limitation barred Plaintiff's claims for fraud and negligent representation, and Plaintiff failed to state a claim upon which relief could be granted. The trial court did not, however, address Defendant Mary Shaheen's motion to dismiss. On 23 August 2023, Plaintiff filed a notice of appeal from Order I.

On 5 September 2023, Defendant Mary Shaheen filed a motion for sanctions under Rule 11 of the North Carolina Rules of Civil Procedure against Plaintiff. On 15 September 2023, Plaintiff filed a motion for entry of default, default judgment, and sanctions against Defendant Mary Shaheen. On 26 October 2023, Judge Cureton entered an order ("Order II") denying Defendant Mary Shaheen's motion to dismiss for insufficient process and service of process and granting her motion to dismiss for

failure to state a claim. On 27 November 2023, Plaintiff filed a notice of appeal from Order II.

The parties subsequently treated Plaintiff's appeals from Orders I and II as a single appeal ("Appeal One"). Plaintiff failed to serve a proposed record on appeal or otherwise take action to perfect Appeal One under the North Carolina Rules of Appellate Procedure. As a result, it was never docketed with this Court, meaning the trial court retained jurisdiction over Appeal One.

On 8 May 2024, Defendants filed a joint motion to dismiss Appeal One in the trial court pursuant to Rules 11 and 25 of our Rules of Appellate Procedure. On 12 July 2024, Plaintiff filed an emergency motion for Rule 11 sanctions against Defendants. Plaintiff argued that Defendants had not adequately identified a controlling case regarding appellate procedure, *Dogwood Dev. & Mgmt. Co. v. White Oak Transport Co.*, 362 N.C. 191, 657 S.E.2d 361 (2008), in their joint motion to dismiss, which he contended was sanctionable conduct.

On 26 June 2024, Judge Cureton conducted a hearing on Defendants' motion to dismiss Appeal One and orally granted Defendants' motion to dismiss. Before the trial court entered an order to that effect, Plaintiff filed a motion to reconsider, reiterating the arguments made in his initial emergency motion for sanctions.

On 17 July 2024, Judge Cureton entered an order ("Order III") granting Defendant's motion to dismiss Appeal One, concluding that Plaintiff's failure to timely serve a proposed record on appeal was a nonjurisdictional defect that

constituted "a substantial and gross violation" of our Rules of Appellate Procedure that warranted dismissal. On 15 August 2024, Plaintiff filed a notice of appeal from Order III. On 24 August 2024, the trial court denied Plaintiff's motion for reconsideration, finding "that there were no legal issues or arguments presented in the Motion . . . that were not addressed and considered . . . prior to granting Defendants' Motion to Dismiss Appeal . . . ."

On 29 August 2024, Judge Grant conducted a hearing on Plaintiff's emergency motion for sanctions. The trial court twice asked Plaintiff whether he had raised similar arguments about *Dogwood* before Judge Cureton during the 26 June 2024 hearing. Plaintiff replied that he had not. Counsel for Defendants John Shaheen and Tradd Commercial then argued that "the grounds for the motion for sanctions are the same as the motion for reconsideration . . ." and that Plaintiff was "essentially asking Your Honor to deny Defendants' motion to dismiss the appeal, which Judge Cureton has already ruled on." Plaintiff disagreed, responding that "this is a separate issue."

On 9 September 2024, Judge Grant entered an order ("Order IV") denying Plaintiff's motion for sanctions. The trial court concluded that Order III by Judge Cureton had already ruled on Plaintiff's motion for sanctions, Defendants' counsel did not misrepresent or conceal controlling case law during the hearing, and Plaintiff did not show that Defendants' counsel had violated Rule 11.

On 7 October 2024, Plaintiff filed a notice of appeal from Order IV and served a proposed record on appeal on 13 March 2025. The parties subsequently treated Plaintiff's appeals of Orders III and IV as a single appeal ("Appeal Two"). On 18 September 2024, Defendants filed a motion to dismiss Appeal Two and a motion for sanctions against Plaintiff. Because Plaintiff perfected Appeal Two, the trial court denied Defendants' motions on 2 January 2025.

## II. Jurisdiction

As an initial matter, we must determine whether we have jurisdiction to review this appeal. Defendants have filed a motion to dismiss the appeal, arguing that Plaintiff lost his right to pursue Appeal One due to his delay to timely serve the proposed record on appeal and his failure to file a petition for writ of certiorari ("PWC"). Plaintiff, however, requests that we invoke Rule 2 for his violation of Rule 11 by delaying service of the proposed record for Appeal One or, in the alternative, that we treat his brief as a PWC. Moreover, he argues that he can appeal Order IV as a matter of right.

### A. Order III

If a trial court has granted a motion to dismiss an appeal for failure to timely perfect, no right of direct appeal exists. *State v. Evans*, 46 N.C. App. 327, 327, 264 S.E.2d 766, 767 (1980) (citations omitted). Under Rule 2, this Court may "suspend or vary the requirements or provisions of any of these rules in a case *pending before it* upon application of a party or upon its own initiative[.]" N.C. R. App. P. 2 (2025)

(emphasis added). This Court may invoke Rule 2 to avoid dismissal due to "a party's noncompliance with nonjurisdictional requirements . . .," *Dogwood Dev. & Mgmt. Co.*, 362 N.C. at 201, 657 S.E.2d at 367, which are "designed primarily to keep the appellate process 'flowing in an orderly manner[,]' " *id.* at 198, 657 S.E.2d at 365 (quoting *Craver v. Craver*, 298 N.C. 231, 236, 258 S.E.2d 357, 361 (1979)). Yet, "in order to properly appeal the trial court's order dismissing his appeal, the party should file a petition for writ of certiorari with our Court." *Mahaffey v. Boyd*, 258 N.C. App. 281, 284, 812 S.E.2d 198, 200 (2018) (cleaned up).

Here, we decline to invoke Rule 2. *See Dogwood Dev. & Mgmt. Co., LLC*, 362 N.C. at 201, 657 S.E.2d at 367. Plaintiff's failure to perfect Appeal One does not merit a suspension of Rule 11, which provides that a proposed record on appeal be served or settled by agreement within forty-five days after delivery of transcripts or filing of the last notice of appeal, whichever is later. *See* N.C. R. App. P. 11(a) (2025). Despite timely filing notice of appeal from Order III, Plaintiff delayed preparing and serving the proposed record on appeal, without good cause. Specifically, Plaintiff did not serve a proposed record before Defendants moved to dismiss the appeal, which was eighty-six days past the deadline, nor as of the date of hearing on Defendants' motion to dismiss, which was one hundred thirty-five days past the deadline. *See Dogwood Dev. & Mgmt. Co.* , 362 N.C. at 201, 657 S.E.2d at 367. Thus, Plaintiff impeded the orderly flow of the appellate process, and we decline to invoke Rule 2. *See id.* at 198, 657 S.E.2d at 365. Accordingly, we proceed to consider Plaintiff's alternative request

that we construe his brief as a PWC. *See Mahaffey*, 258 N.C. App. at 284, 812 S.E.2d at 200.

This Court in its discretion may review a trial court's order dismissing an appeal by issuing a writ of certiorari. *See* N.C. Gen. Stat. § 7A-32(c) (2025). Certiorari is a "prerogative writ" that we may issue to aid our jurisdiction. *See id.* Issuing a writ of certiorari, however, is an extraordinary measure. *See Cryan v. Nat'l Council of YMCAs*, 384 N.C. 569, 572, 887 S.E.2d 848, 851 (2023). Rule 21 sets forth the procedural requirements to file a PWC, which include filing a verified petition without unreasonable delay with the clerk of the appellate court to which appeal is taken, serving all other parties, and paying a filing fee. *See* N.C. R. App. P. 21(b), (c) (2025).

Once a PWC is docketed, the petitioner must satisfy a two-part test. *See Cryan*, 384 N.C. at 572, 887 S.E.2d at 851. "First, a writ of certiorari should issue only if the petitioner can show 'merit or that error was probably committed below.'" *Id.* at 572, 887 S.E.2d at 851 (quoting *State v. Ricks*, 378 N.C. 737, 741, 862 S.E.2d 835, 839 (2021)). "Second, a writ of certiorari should issue only if there are 'extraordinary circumstances' to justify it." *Id.* at 572–73, 887 S.E.2d at 851 (quoting *Moore v. Moody*, 304 N.C. 719, 720, 285 S.E.2d 811, 812 (1982)). An exceptional circumstance may occur when "'injustice . . . appears manifest to the [c]ourt'" or when the case presents "'significant issues of importance in the public interest . . . .'" *State v. Hart*,

361 N.C. 309, 315–16, 644 S.E.2d 201, 205 (2007) (quoting *Steingress v. Steingress*, 350 N.C. 64, 66, 511 S.E.2d 298, 299–300 (1999)).

" 'Procedure is essential . . . to the application of principle in courts of justice, and it cannot be dispensed with.' " *Dogwood Dev. & Mgmt. Co.*, 362 N.C. at 193, 657 S.E.2d at 362 (internal quotation marks and citation omitted). "Compliance with the rules, therefore, is mandatory." *Id.* at 194, 657 S.E.2d at 362 (citations omitted); *see Bledsoe v. Cnty. of Wilkes*, 135 N.C. App. 124, 125, 519 S.E.2d 316, 317 (1999) (The "rules apply to everyone—whether acting *pro se* or being represented by all of the five largest law firms in the state.").

Here, we decline to invoke Rule 2 to suspend the requirements of Rule 21 or otherwise issue a writ of certiorari on our own motion. *See* N.C. Gen. Stat. § 7A-32(c). Even assuming Plaintiff had filed a PWC, which he did not, Plaintiff has not met his burden to show merit or error, as explained above. *See Cryan*, 384 N.C. at 572, 887 S.E.2d at 851. We likewise discern no manifest injustice or issues of significant public interest in the trial court's dismissal of Appeal One following Plaintiff's unreasonable delay. *See Hart*, 361 N.C. at 315–16, 644 S.E.2d at 205. Plaintiff's appeal from Order III does not satisfy either requirement of a case warranting discretionary review. *See Cryan*, 384 N.C. at 572, 887 S.E.2d at 851. We, therefore, grant Defendants' motion to dismiss Plaintiff's appeal from Order III.

**B. Order IV**

Having concluded that Order III is not properly before us, we next consider whether we have jurisdiction over Order IV. Plaintiff argues that he can appeal Order IV by right under sections 1-277(a) and 1-279.1. We agree.

"[A]ppeal lies of right directly to the Court of Appeals . . . [f]rom any other order or judgment of the superior court from which an appeal is authorized by statute." N.C. Gen. Stat. § 7A-27(b)(4) (2025). Under section 1-277(a), "[a]n appeal may be taken from every judicial order or determination . . . [that] discontinues the action or grants or refuses a new trial." *Id.* § 1-277(a) (2025). In doing so, the order "disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Veazey v. City of Durham*, 231 N.C. 357, 361–62, 57 S.E.2d 377, 381 (1950) (citations omitted).

Here, Order IV discontinues the action between Plaintiff and Defendants. *See* N.C. Gen. Stat. § 1-277(a). The trial court had no motions or causes of action remaining before it, having otherwise dismissed the lawsuit against Defendants. *See* *Veazey*, 231 N.C. at 361–62, 57 S.E.2d at 381. Accordingly, we retain jurisdiction to review Order IV under N.C. Gen. Stat. § 7A-27(b).

## III. Issue

The issue on appeal is whether the trial court erred by denying Plaintiff's motion for sanctions in Order IV.

## IV. Analysis

- 10 -

Plaintiff argues that the trial court erred in Order IV because Defendants omitted binding authority in their joint motion to dismiss Appeal One, which the trial court granted in Order III. We dismiss this argument.

If a party fails to successfully appeal a previous order, an appeal from a later order implicating the same issue may be an impermissible collateral attack. *See Pelc v. Pham*, 301 N.C. App. 197, 206, 923 S.E.2d 835, 841 (2025). "A collateral attack on a judicial proceeding is 'an attempt to avoid defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it.'" *Reg'l Acceptance Corp. v. Old Republic Sur. Co.,* 156 N.C. App. 680, 682, 577 S.E.2d 391, 392 (2003) (quoting *Hearon v. Hearon*, 44 N.C. App. 361, 362, 261 S.E.2d 9, 10 (1979)). "Collateral attacks generally are not permitted under North Carolina law." *In re Webber*, 201 N.C. App. 212, 219, 689 S.E.2d 468, 474 (2009) (citation omitted). When an impermissible collateral attack appears in an appeal, we dismiss the argument. *See Pelc*, 301 N.C. App. at 206, 923 S.E.2d at 841.

Here, Plaintiff's appeal from Order IV is an impermissible collateral attack against the preclusive effect of Order III. *See Reg'l Acceptance Corp.,* 156 N.C. App. at 682, 577 S.E.2d at 392. As explained above, Plaintiff failed to successfully appeal Order III, in which Judge Cureton rejected Plaintiff's arguments about Defendants' failure to appropriately cite *Dogwood*. *See Pelc*, 301 N.C. App. at 205–06, 923 S.E.2d at 841. In Order IV, Judge Grant then properly concluded that Judge Cureton in Order III had already considered and rejected the same arguments for sanctions and

that she lacked authority to "reconsider, modify, or overrule the order of another superior court judge." *See In re Webber*, 201 N.C. App. at 219, 689 S.E.2d at 474. Thus, we will not indulge Plaintiff's attempt to evade the preclusive effect of Order III by appealing Order IV. *See Reg'l Acceptance Corp.*, 156 N.C. App. at 682, 577 S.E.2d at 392; *In re Webber*, 201 N.C. App. at 219, 689 S.E.2d at 474. Accordingly, we dismiss Plaintiff's appeal from Order IV.

## V. Conclusion

In sum, we decline to invoke Rule 2 or construe Plaintiff's brief as a PWC. Nevertheless, Order III does not present extraordinary circumstances warranting discretionary review. Plaintiff cannot show error in Judge Cureton's dismissal of Appeal One because Plaintiff unreasonably delayed serving the proposed record on appeal in violation of Rule 11. We, therefore, grant Defendants' motion to dismiss the appeal of Order III. We also conclude that Plaintiff's appeal of Order IV is an impermissible collateral attack against the unsuccessful appeal of Order III. Accordingly, we dismiss Plaintiff's argument related to Order IV.

DISMISSED.

Judges HAMPSON and FREEMAN concur.

Report per Rule 30(e).